UNITED STATES DISTRICT COURT
SOUTH DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

PEDRO J. MARTE SILVERIO,
JAIRO J. LUNA,
and other similarly situated individuals,

    Plaintiffs,

v.

GO FISH CARGO, INC.,

    Defendant,
_____/

# COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COME NOW the Plaintiffs PEDRO J. MARTE SILVERIO, and JAIRO J. LUNA, by and through the undersigned counsel, and hereby sue Defendant GO FISH CARGO, INC., and allege:

1. This is an action to recover money damages for unpaid half-time overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiffs PEDRO J. MARTE SILVERIO and JAIRO J. LUNA are residents of Dade County, within the jurisdiction of this Honorable Court. The Plaintiffs are covered employees for purposes of the Act.

3. Defendant GO FISH CARGO, INC. (hereinafter GO FISH CARGO or Defendant) is a Florida corporation, having its main place of business in Miami-Dade County, Florida. At all times, the Defendant was and is engaged in interstate commerce within the meaning of

the FLSA. The Defendant is the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

5. This cause of action is brought by Plaintiffs PEDRO J. MARTE SILVERIO and JAIRO J. LUNA as a collective action to recover from the Defendant half-time overtime compensation liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked more than forty (40) hours during one or more weeks on or after August 2018 (the "material time") without being compensated overtime wages pursuant to the FLSA.

6. Defendant GO FISH CARGO is a third-party logistics provider, specializing in the fish market. Defendant GO FISH CARGO provides full cold storage, warehousing, transportation, and related services to companies engaged in interstate commerce. Defendant operates the facility at 2605 NW 75th Avenue, Miami Florida, 33122 where the Plaintiffs worked.

7. At all times pertinent to this Complaint, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). the Employer/Defendant operates as a cold storage/warehouse/distribution company that sells and/or markets its services and/or goods to customers from throughout the United States.

> The Employer/Defendant employs more than two employees affecting interstate commerce. The Employer/Defendant uses the instrumentalities of interstate commerce and otherwise regularly engages in interstate commerce, particularly concerning its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was always, more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8. The Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were warehouse workers directly engaged in interstate commerce by handling and shipping merchandise out of state locations. Thus, Plaintiff s were covered employees for the Act. Therefore, there is FLSA individual coverage.

9. The Defendant GO FISH CARGO employed Plaintiffs PEDRO J. MARTE SILVERIO and JAIRO J. LUNA, as non-exempted, full-time, salaried warehouse employees.

10. Defendant employed Plaintiffs PEDRO J. MARTE SILVERIO and JAIRO J. LUNA at different times and periods and paid them at different salaries, but both Plaintiffs were subjected to the same unlawful employment practices, and they were not paid for all their overtime hours at the rate of time and a half their regular rate.

11. The Plaintiffs performed the same duties as many others similarly situated employees, which consisted on general cold storage/warehouse work, such as receiving cargo, counting pieces, icing fish, organizing merchandise in the racks, pulling orders, palletizing, shrink wrapping, moving cargo around the warehouse, cleaning, disposing of garbage, etc. The Plaintiffs never performed activities affecting the safety of operation of motor vehicles. The Plaintiffs never exercised any discretion or judgment in any planning, building, placing, distribution, or balancing any pallet, container, or loose cargo.  The Plaintiffs never performed activities affecting the safety of operation of motor vehicles.

12. During their relevant time of employment, the Plaintiffs PEDRO J. MARTE SILVERIO, and JAIRO J. LUNA worked more than 40 (forty) hours per week. The Plaintiffs were paid the same salary regardless of the number of hours worked in a week, and they were not paid for overtime hours at the mandatory rate of time and a half their regular rate, as established by the Fair Labor Standards Act.

13. The Plaintiffs did not clock in and out, but they signed timesheets, and the Defendant was able to track the number of hours worked by the Plaintiffs and other similarly situated individuals. Even though the Plaintiffs worked more than 40 hours, they were not paid for overtime hours.

14. Therefore, during the relevant period Defendant willfully failed to pay Plaintiffs for overtime wages at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

15. The Plaintiffs were paid bi-weekly with checks and paystubs that did not show the real number of hours worked.

16. The Plaintiffs were not in agreement with the lack of payment for overtime hours and they complained multiple times to Manager Jose Rios. Plaintiff complained about the excessive hours worked and requested to be paid for overtime hours.  The Manager Jose Rios always answered: "We don't pay overtime here".

17. On or about March 16, 2020, Plaintiff PEDRO J. MARTE SILVERIO suffered an accident while working at the Defendant's warehouse, and he did not receive the appropriate assistance under Florida Workers Compensation Law.

18. Plaintiff JAIRO J. LUNA left his employment with Defendant to pursue better job opportunities on or about March 06, 2020.

19. The Plaintiffs PEDRO J. MARTE SILVERIO and JAIRO J. LUNA seek to recover unpaid half-time, liquidated damages, and any other relief, as allowable by law. The Plaintiffs also request that the Defendant pay off to the Internal Revenue Service (IRS) any unpaid payroll taxes withheld on behalf of the Plaintiffs.

20. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid regular wages, or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME,**
**AS TO PLAINTIFF PEDRO J. MARTE SILVERIO**

21. Plaintiff PEDRO J. MARTE SILVERIO re-adopts every factual allegation concerning to him as stated in paragraphs 1-20 above, as if set out in full herein.

22. Defendant GO FISH CARGO employed the Plaintiff PEDRO J. MARTE SILVERIO, from approximately from September 20, 2018, to March 16, 2020, or 78 weeks.

23. Plaintiff was hired as a non-exempted, full-time, warehouse employee. Plaintiff was a salaried employee, and his last salary was $600.00 weekly.

24. During his relevant time of employment, the Plaintiff PEDRO J. MARTE SILVERIO worked more than 40 (forty) hours per week. The Plaintiff was paid a salary regardless of the number of hours worked in a week, and he was not paid for overtime hours at the

mandatory rate of time and a half his regular rate, as established by the Fair Labor Standards Act.

25. Plaintiff had Sundays and Thursdays off, and he worked 5 days per week, a minimum average of 51.5 hours. (Plaintiff has already deducted 2.5 hours of lunch period).

26. Plaintiff did not clock in and out, but he signed timesheets, and the Defendant was able to track the number of hours worked by Plaintiff and other similarly situated individuals. Even though Plaintiff worked more than 40 hours, he was not paid for overtime hours.

27. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

28. The Plaintiff was paid bi-weekly with checks with paystubs that did not show the real number of hours worked.

29. The Plaintiff does not have time and payment records, but he will offer a preliminary good faith estimate of his unpaid overtime hours. The Plaintiff is going to use an average of 51.5 working hours weekly, with a salary of $600.00 weekly.

30. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by the Plaintiff and other employees.

31. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

32. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid half-time overtime wages is as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Five Thousand Two Hundred Twenty-Nine Dollars and 90/100 ($5,229.90)

    b. <u>Calculation of such wages</u>:

    Total time of Employment: 78 weeks
    Relevant weeks of employment: 78 weeks
    Total number of hours worked: 51.5 hours weekly average
    Total overtime hours: 11.5 weekly average
    Salary: $600.00 weekly:51.5 hours= $11.65 regular rate
    Regular wage rate: $11.65 an hour x 1.5=$17.48 O/T rate-$11.65 rate paid=$5.83
    Half-time rate: $5.83 difference

    O/T half-time difference $5.83 x 11.5 O/T hours=$67.05 weekly
    $67.05 x 78 weeks=$5,229.90

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

    This amount represents unpaid half-time overtime wages.

33. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act, but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

34. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement

of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

35. Defendant GO FISH CARGO willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

36. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff PEDRO J. MARTE SILVERIO and other similarly situated individuals and against the Defendant GO FISH CARGO, on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff PEDRO J. MARTE SILVERIO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interests; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff PEDRO J. MARTE SILVERIO demands trial by a jury of all issues triable as of right by a jury.

### **<u>COUNT II:</u>**
### **<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
### **<u>FAILURE TO PAY OVERTIME,</u>**
### **<u>AS TO PLAINTIFF JAIRO J. LUNA</u>**

37. The Plaintiff JAIRO J. LUNA re-adopts every factual allegation concerning to him as stated in paragraphs 1-20 above, as if set out in full herein.

38. Defendant GO FISH CARGO employed the Plaintiff JAIRO J. LUNA, from approximately from August 06, 2018, to March 06, 2020, or 82 weeks.

39. Plaintiff was hired as a non-exempted, full-time, warehouse employee. Plaintiff was a salaried employee. Plaintiff had a salary of $650.00 during the first 12 weeks of employment, then he got a salary increase, and he was paid $750.00 weekly for the remaining 70 weeks.

40. During his relevant time of employment, the Plaintiff JAIRO J. LUNA worked more than 40 (forty) hours per week. The Plaintiff was paid a salary regardless of the number of hours worked in a week, and he was not paid for overtime hours at the mandatory rate of time and a half his regular rate, as established by the Fair Labor Standards Act.

41. Plaintiff had Sundays and Thursdays off, and he worked 5 days per week, a minimum average of 50.5 hours.

42. Plaintiff did not clock in and out, but he signed timesheets, and the Defendant was able to track the number of hours worked by Plaintiff and other similarly situated individuals. Even though Plaintiff worked more than 40 hours, he was not paid for overtime hours.

43. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

44. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by the Plaintiff and other employees.

45. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

46. The Plaintiff does not have time and payment records, but he will offer a preliminary good faith estimate of his unpaid overtime hours. The Plaintiff is going to use an average of 50.5 working hours weekly. After discovery, the Plaintiff will amend his calculations.

∗Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Six Thousand Two Hundred Seventy-Two Dollars and 84/100 ($6,272.84)

    b. <u>Calculation of such wages</u>:
    Total time of Employment:  82 weeks
    Relevant weeks of employment: 82 weeks
    Total number of hours worked: 50.5 hours weekly average
    Total overtime hours: 10.5 weekly average

    **1.- Overtime Calculations for 3 months or 12 weeks at paid at $650.00**

    Salary: $650.00 weekly: 50.5 hours= $12.88 regular rate
    Regular wage rate: $12.88 an hour x 1.5=$19.32 O/T rate-$12.88 rate paid=$6.44
    Half-time rate: $6.44 difference

O/T half-time difference $6.44 x 10.5 O/T hours=$67.62 weekly
$67.62 x 12 weeks=$811.44

**2.- Overtime calculations for 70 weeks paid at $750.00**

Salary: $750.00 weekly: 50.5 hours= $14.86 regular rate
Regular wage rate: $14.86 an hour x 1.5=$22.29 O/T rate-$14.86 rate paid=$7.43
Half-time rate: $7.43 difference

O/T half-time difference $7.43 x 10.5 O/T hours=$78.02 weekly
$78.02 weekly x 69 weeks=$5,461.40

Total #1 and #2= $811.44 + $5,461.40=    $6,272.84

c. Nature of wages (e.g. overtime or straight time):

This amount represents unpaid half-time overtime wages.

47. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act, but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

48. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

49. Defendant GO FISH CARGO willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United

States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

50. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JAIRO J. LUNA and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff JAIRO J. LUNA and other similarly situated individuals and against the Defendant GO FISH CARGO, on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff JAIRO J. LUNA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interests; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JAIRO J. LUNA demands trial by a jury of all issues triable as of right by a jury.

DATED: October 14, 2020

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.

Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*